Ruth Julia NORWINE, Plaintiff–
Respondent,

v.

Susan Elaine NORWINE, Personal Rep-
resentative of the Estate of Samuel C.
Norwine, deceased, and Susan Elaine
Norwine, Successor Trustee under the
Samuel C. Norwine Revocable Trust
Agreement (sic) under date of July 6,
1993, and Susan Elaine Norwine, Sam-
uel Junior Norwine, Nona Norwine,
Mark S. Norwine and Joseph Norwine,
Individually, Defendants–Appellants.

No. 23727.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 2001.

Robert W. Stillings, Springfield, for
Plaintiff–Respondent.

John E. Price, Carnahan, Evans, Cant-
well & Brown, PC, Springfield, for Defen-
dants Appellants.

MONTGOMERY, Judge.

This is an appeal from the grant of a
"Partial Summary Judgment" in favor of
Plaintiff Ruth Julia Norwine (Julia), the
surviving spouse of Sam Norwine (Sam).
Julia commenced this action against Susan
Elaine Norwine (Susan) as personal repre-

sentative of Sam's estate and as successor trustee under Sam's revocable trust. The other defendants are Sam's trust beneficiaries. Collectively, we refer to Susan and these parties as Defendants.

Julia's First Amended Petition, in Count I, sought imposition of a constructive trust on three acres of land and a residence in Rogersville, Missouri (the Rogersville property). In Count II, Julia sought to impose a resulting trust in her favor on the Rogersville property. Count III alleged fraud by Sam in representing to Julia that the Rogersville property would be titled to them as tenants by the entirety when in fact Sam titled the property in his name alone.

The Partial Summary Judgment only adjudicated Count II. Defendants appeal, presenting four points relied on. Point IV alleges the trial court erred in granting summary judgment because "there are genuine issues of material fact which remain in dispute that preclude summary judgment" on the source of funds used to purchase the Rogersville property. We find this point dispositive of the appeal.

Julia's Motion for Summary Judgment and the response thereto established the following undisputed facts. Sam and Julia married in 1971. In 1978, they jointly purchased a home on South Fremont in Springfield, Missouri (the Fremont home). Between June 1981 and September 1985 Sam purchased the Rogersville property by three separate deeds and titled the property in his name alone. Sam and Julia sold their Fremont home on December 6, 1982, and moved to the Rogersville property. They resided there when Sam died on October 7, 1995.

Beyond these facts, the parties differ on the source of funds which Sam used in purchasing the Rogersville property. Julia's affidavit attached to her summary judgment motion alleged that the proceeds from their Fremont home were used to pay the deed of trust in favor of Great Southern Savings and Loan Association on the Rogersville property. Defendants' response denied Julia's allegation and in opposition offered an affidavit from a Great Southern loan officer showing that the deed of trust was paid on November 30, 1982, which was one week prior to the sale of the Fremont home.

On January 27, 2000, the trial court entered a "Partial Summary Judgment" finding, as to Count II, Julia was entitled to a judgment "for a resulting trust" on the Rogersville property. However, the judgment recited that "there is still a question remaining as to what portion of the [Rogersville property] is deemed to be contributed to by [Julia]." Continuing, the judgment recited that a further hearing is necessary to determine the "source of funds" for the Rogersville property.

On May 30, 2000, the parties appeared for a further hearing. The court announced that "[t]his case is set for a hearing today on an evidentiary hearing resulting from a motion for partial summary judgment." At the hearing, Julia and Susan both testified and presented conflicting evidence on the source of funds issue. Julia also introduced some forty exhibits which included canceled checks, bank statements, and Sam's ledger book. After hearing the evidence, the trial court entered a "Judgment" dated May 30, 2000, finding, *inter alia*, that Julia's evidence does "not show the exact manner in which the Rogersville home was purchased, with what funds, and from what account." However, the trial court concluded that the Rogersville property was held "75% marital" and "25% sole and separate property of Sam Norwine." Later the trial court entered an "Amended Judgment" denominating the summary judgment as final and

appealable under the provisions of Rule 74.01(b).

In reviewing appeals from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, according that party the benefit of all reasonable inferences from the record. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." *Id.* As the trial court's judgment is founded on the record and the law, an appellate court need not defer to the trial court's grant of summary judgment. *Id.* "Our review is essential *de novo.*" *Id.*

To defeat a motion for summary judgment, the non-movant need show only that there is a genuine dispute as to the facts underlying the movant's right to judgment. *Id.* at 381–82. Any evidence in the record that presents a genuine dispute as to the material facts defeats the motion. *Id.*

▮ In Count II, Julia alleged that the consideration paid for the Rogersville property came from funds owned by her and Sam. She alleged Sam promised to title the property jointly in their names and that she expected to obtain an ownership interest in the property. In other words, Julia relied on a resulting trust theory of recovery in this count.

A resulting trust arises where one party pays all or a part of the consideration for the acquisition of property which is taken in the name of a second party, if the payor intended and expected to obtain an ownership interest in that property.... Where the consideration furnished by the payor is less than the total consideration for the property acquired, then part of that burden is to show the exact proportion which his contribution bore to the total of the purchase price.

*Hathman v. Waters,* 586 S.W.2d 376, 382–83 (Mo.App.1979) (citations omitted).

Thus, Julia's right to judgment depended upon the showing of undisputed facts that she contributed at least part of the purchase price of the Rogersville property and the exact proportion which her contributions bore to the total purchase price. Certainly, Defendants' response revealed a genuine dispute on the contribution issue, an element underlying Julia's right to judgment. At the "evidentiary hearing," the parties also presented conflicting evidence on this issue.

The trial court found the contribution issue in dispute in both the January 27, 2000, and May 30, 2000, "Judgments." The first "Judgment" determined that a question still remained on the amount and source of Julia's contributions. The second "Judgment" determined that Julia's evidence failed to show "what funds" or "what accounts" were used toward the purchase price.

▮ By finding the evidence disputed on this material contribution issue, the trial court erred as a matter of law in granting summary judgment. Evidence in the record which presents a genuine dispute as to material facts defeats the motion. *ITT,* 854 S.W.2d at 382. "[A] 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.* By recognizing the existence of a genuine issue of material facts, the trial court had no option other than denying Julia's motion for summary judgment.[1]

---

1. Although not an issue necessary to decide in this appeal, we seriously question the propriety of holding an evidentiary hearing to clarify unresolved issues in a summary judgment proceeding. *See New Prime, Inc. v. Professional Logistics Mgmt. Co., Inc.,* 28 S.W.3d

The judgment is reversed, and this case is remanded to the trial court for further proceedings.

PARRISH, P.J., and SHRUM, J., concur.

898, 904 (Mo.App.2000) (holding that a trial court's decision on a motion for summary judgment should not be based on anything

filed after the filing of the non-movant's response).